UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

In re: CONRAD CARMONA SR.,

v.

        Debtor,
_____/

LINDA MORRISON, and VANESSA
GOMEZ,

        Appellants/Cross-Appellees,

CONRAD CARMONA SR.,

        Appellee/Cross-Appellant.
_____/

Case Number 09-11739-BC (Appeal)
Case Number 09-11815-BC (Cross-Appeal)
Honorable Thomas L. Ludington

Bankruptcy Case Number 08-20783
Adversary Proceeding Number 08-02075

## ORDER AFFIRMING BANKRUPTCY COURT DECISION

Appellants Linda Morrison and Vanessa Gomez ("Morrison" and "Gomez") and cross-appellant Conrad Carmona Sr. ("Carmona") appeal the bankruptcy court's denials of their cross-motions for summary judgment in an order dated April 23, 2009. Both sides contend that principles of collateral estoppel or res judicata operate to decide the question of whether a debt owed by Carmona to Morrison and Gomez, pursuant to state-court judgments for $10,000 each, entered pursuant to Michigan's case evaluation procedures, are non-dischargeable under 11 U.S.C. § 523(a)(6) (providing that debt "for willful and malicious injury by the debtor to another entity or to the property of another entity" is not dischargeable). For the reasons stated below, the decision of the bankruptcy court will be affirmed.

I

On or about March 1, 2007, Morrison and Gomez filed a civil lawsuit in Bay County Circuit

Court against Carmona, alleging that he, as their former employer, sexually harassed them in violation of the Michigan Elliott-Larsen Civil Rights Act ("ELCRA"), Mich. Comp. Laws § 37.2101 et seq. Pursuant to Michigan Court Rule 2.403, the case was submitted to case evaluation. On January 7, 2008, the case evaluation panel determined that Carmona should pay $10,000 to Morrison and Gomez each "in full, final and complete settlement of any and all claims herein." The panel's evaluation did not include any specific statements concerning the underlying facts of the case. Carmona Br. Ex. A; [09-11815, Dkt. # 10-2] (case evaluation report).

Shortly thereafter, the parties accepted the case evaluation. Carmona Br. Ex. B; [09-11815, Dkt. # 10-3] (case evaluation acceptance). When the agreed upon amount was not paid within twenty-eight days, Morrison and Gomez were each awarded a judgment against Carmona for $10,000.00. Carmona Br. Ex. C; [09-11815, Dkt. # 10-4] (judgments). *See* Mich. Ct. R. 2.403(M)(1) ("If all the parties accept the panel's evaluation, judgment will be entered in accordance with the evaluation, unless the amount of the award is paid within 28 days after notification of the acceptances, in which case the court shall dismiss the action with prejudice."). Morrison's judgment, entered March 6, 2008, provides in full:

> Case Evaluation having been accepted by the parties; now, therefore, pursuant to MCR 2.403(M)(1),
>
> JUDGMENT is entered in favor Linda J. Morrison and against Defendants Conrad Carmona and Touch of Mexico, Inc., jointly and severally, in the amount of $10,000 inclusive of all fees, costs and interest to date of entry.
>
> This Judgment resolves the last pending claim and closes the case.

Gomez's judgment, entered on March 10, 2008, is identical, except that her name replaces that of Morrison.

On March 17, 2008, Carmona filed a Chapter 7 bankruptcy petition seeking to discharge,

inter alia, the debt owed to Morrison and Gomez. *In re Carmona*, No. 08-20786 (Bankr. E.D. Mich. Mar. 17, 2008). On June 20, 2008, Morrison and Gomez filed a complaint in an adversary proceeding alleging that the debt was "for willful and malicious injury by the debtor to another entity or to the property of another entity" and not dischargeable pursuant to § 523(a)(6). *Morrison v. Carmona*, No. 08-02075 (Bankr. E.D. Mich. June 20, 2008). On March 6 and 16, 2009, Morrison and Gomez filed a motion and corrected motion for summary judgment, respectively. On March 17, 2009, Carmona filed a cross-motion for summary judgment.

In their cross-motions, both sides argued that the state court judgments barred litigation of Gomez and Morrison's claims. However, the parties disputed the impact of the state-court judgments if collateral estoppel or res judicata applied. Gomez and Morrison argued that the issues raised in their state court complaint were necessarily resolved in their favor and thereby established non-dischargeable debt obligations pursuant to § 523(a)(6). On the other hand, Carmona argued that Gomez's and Morrison's acceptance of a case evaluation award without any specific factual findings makes it impossible for them to establish the facts necessary for a finding that the debts are nondischargeable pursuant to § 523(a)(6). Thus, Carmona contended that the debt must be considered dischargeable.

At a hearing on April 17, 2009, the bankruptcy court denied the parties' cross-motions for summary judgment, concluding that neither res judicata nor collateral estoppel precluded the parties from litigating whether Morrison and Gomez' claims were "for willful and malicious injury by the debtor to another entity or to the property of another entity" pursuant to § 523(a)(6). On April 23, 2009, the court memorialized the denial of the motions by entering an order stating that the motions were denied "for the reasons stated on the record."

At the hearing, Judge Opperman began his oral opinion by noting that principles of collateral estoppel generally apply to dischargeability proceedings, *Grogan v. Garner*, 498 U.S. 279 (1991), and that a bankruptcy court must determine whether applicable state law would give collateral effect to the state court judgment, *In re Calvert*, 105 F.3d 315 (6th Cir. 1997). Judge Opperman explained that "[c]ollateral estoppel precludes relitigation of an issue in a subsequent, different cause of action between the same parties where the prior proceeding culminated in a valid, final judgment and the issue was (1) actually litigated, and (2) necessarily determined." *People v. Gates*, 452 N.W.2d 627, 630 (Mich. 1990). Judge Opperman emphasized that a trial is not required for an issue to be "actually litigated," *Latimer v. William Mueller & Son, Inc.*, 386 N.W.2d 618, 627 (Mich. Ct. App. 1986), and that "[a]n issue is necessarily determined only if it is 'essential' to the judgment." *Gates*, 452 N.W.2d at 631.

More specifically, Judge Opperman highlighted that Michigan courts generally do not give collateral estoppel effect to consent judgments, citing *Goldman v. Wexler*, 333 N.W.2d 121 (Mich. Ct. App. 1983) (citing *Am. Mutual Liability Ins. Co. v. Mich. Mutual Liability Co.*, 235 N.W.2d 769 (Mich. Ct. App. 1975)); *Berar Enterprises, Inc. v. Harmon*, 300 N.W.2d 519 (Mich. Ct. App. 1980); *Peterson v. Lapeer*, 307 N.W.2d 744 (Mich. Ct. App. 1981); *Fifth Third Bank of NW Ohio N.A. v. Baumhaft*, 271 B.R. 523, 526 (Bankr. E.D. Mich. 2001); *Day v. Manuel*, 76 B.R. 105, 106 (Bankr. E.D. Mich. 1987). Judge Opperman emphasized the following reasoning by the court of appeals in *American Mutual*:

> A consent judgment reflects primarily the agreement of the parties. The action of the trial judge in signing a judgment based thereon is ministerial only. The parties have not litigated the matters put in issue, they have settled. The trial judge has not determined the matters put in issue, he has merely put his stamp of approval on the parties' agreement disposing of those matters. But a judgment can be given collateral estoppel effect only as to those issues which were actually and necessarily adjudicated. It follows that because the issues involved

in the settled case were not actually adjudicated, one of the prerequisites to giving a judgment collateral estoppel effect is not satisfied. Thus, the answer to the question posed above is: Nothing is adjudicated between two parties to a consent judgment.

235 N.W.2d at 776 (internal citations and footnote omitted). The *American Mutual* court also emphasized certain policy reasons:

> The social interest in reducing instances of costly litigation is undermined by a rule which provides drastic consequences for settlements. One will tend to avoid a settlement rather than be later bound in potentially far-reaching, and often unintended, ways by facts imbedded in an otherwise innocuous settlement agreement. Because the application of the doctrine of collateral estoppel to consent judgments will in many cases be unforeseeable, consent judgments may become less desirable, thus impeding and embarrassing the settlement process. . . .
>
> Moreover, refusing to construe consent judgments as adjudicating the issues joined therein will not threaten any legitimate expectations of repose, since none of the parties to the consent judgment ever bargained for such protection. Nor will a rule giving collateral estoppel effect to consent judgments promote judicial consistency, since the judges are not deciding anything.

*Id.* at 776-77 (internal citations and footnote omitted). Judge Opperman noted that an exception to the rule exists when "the parties have entered an agreement manifesting an intention that the judgment be conclusive with respect to one or more of the issues." *Baumhaft*, 271 B.R. at 526 (quoting *Mustaine v. Kennedy (In re Kennedy)*, 243 B.R. 1, 12 (Bankr. W.D. Ky. 1997)).

Judge Opperman concluded that the judgments entered pursuant to the case evaluation in this case were "in essence," consent judgments. *CAM Constr. v. Lake Edgewood Condo. Ass'n*, 640 N.W.2d 256, 260 (Mich. 2002) ("The entry of a judgment pursuant to the acceptance of a mediation evaluation is, in essence, a consent judgment.") (internal citations omitted). Thus, he concluded that collateral estoppel did not operate to bar litigation of the pertinent issues.

Judge Opperman also concluded that res judicata did not apply to the judgments in this case. While res judicata may be applied to consent judgments, it may only do so when "the same evidence

necessary to sustain the second cause of action would have been sufficient to authorize the first judgment." *Manuel*, 76 B.R. at 107 (citing *Am. Mutual*, 235 N.W.2d 769; *Knowlton v. City of Port Huron*, 94 N.W.2d 824 (Mich. 1959); *Prawdzik v. Heidema Bros., Inc.*, 89 N.W.2d 523 (Mich. 1958)). After reviewing the state court complaint, Judge Opperman concluded that this standard was not met as between the dispute under § 523(a)(6) and the prior sexual harassment claim. Finally, Judge Opperman concluded that disagreement existed as to the material facts of Morrison and Gomez' complaint, which prevented judgment as a matter of law on the § 523(a)(6) elements. Judge Opperman indicated that the matter would be scheduled for trial.

On or about May 5, 2009, Morrison and Gomez filed a motion for leave to appeal to a bankruptcy appellate panel or the district court, and on or about May 11, 2009, Carmona filed a motion for leave to file a cross-appeal to the district court. On July 14, 2009, this Court granted leave to appeal to determine the collateral estoppel or res judicata effect, if any, of a judgment entered pursuant to Michigan's case evaluation procedure. *See* Mich. Ct. R. 2.403. Morrison and Gomez' appellate brief was filed on October 21, 2009; and Carmona's appellate brief was filed on November 17, 2009. In addition to the record from the bankruptcy court, the Court has reviewed the parties' submissions and finds that the facts and the law have been sufficiently set forth in the motion papers. The Court concludes that oral argument will not aid in the disposition of the motion. Accordingly, it is **ORDERED** that the motion be decided on the papers submitted. E.D. Mich. LR 7.1(e)(2).

II

The Full Faith and Credit Act provides that state judicial proceedings "shall have the same full faith and credit in every court within the United States . . . as they would have by law or usage

in the courts of such State . . . from which they are taken." 28 U.S.C. § 1738. The United States Supreme Court has explained that "[t]his statute directs a federal court to refer to the preclusion law of the State in which judgment was rendered." *Marresse v. Am. Academy of Orthopedic Surgeons*, 470 U.S. 373, 380 (1985). Thus, "the preclusive effect of [a] Michigan court judgment in this Court is governed by Michigan law." *Kesler v. Barris, Sott, Denn & Driker, PLLC.*, 482 F. Supp. 2d 886, 905 (E.D. Mich. 2007).

Under Michigan law, "[c]ollateral estoppel precludes relitigation of an issue in a subsequent, different cause of action between the same parties where the prior proceeding culminated in a valid, final judgment and the issue was (1) actually litigated, and (2) necessarily determined." *Gates*, 452 N.W.2d at 630 (Mich. 1990). While a trial is not required for an issue to be "actually litigated," *Latimer*, 386 N.W.2d at 627, "[a]n issue is necessarily determined only if it is 'essential' to the judgment." *Gates*, 452 N.W.2d at 631. Generally, "[c]ollateral estoppel applies only where the basis of the prior judgment can be ascertained clearly, definitely, and unequivocally." *Id.*

In addition to collateral estoppel, under Michigan law, "the doctrine of res judicata applies, except in special cases, in a subsequent action between the same parties and not only to points upon which the court was actually required by the parties to form an opinion and pronounce a judgment, but to every point which properly belonged to the subject of litigation, and which the parties, exercising reasonable diligence, might have brought forward at the time." *Pierson Sand & Gravel, Inc. v. Keeler Brass Co.*, 596 N.W.2d 153, 157 (Mich. 1999) (quoting *Hackley v. Hackley*, 395 N.W.2d 906, 907 (Mich. 1986)). While res judicata may be applied to consent judgments, it may only do so when "the same evidence necessary to sustain the second cause of action would have been sufficient to authorize the first judgment." *Manuel*, 76 B.R. at 107 (citing *Am. Mutual*, 235

N.W.2d 769; *Knowlton*, 94 N.W.2d 824; *Prawdzik*, 89 N.W.2d 523). A judgment entered pursuant to Michigan Court Rule 2.403(M)(1) is "in essence," a consent judgment. *CAM Constr.*, 640 N.W.2d at 260.

In general, Morrison, Gomez, and Carmona do not dispute the law as set forth above, which is consistent with Judge Opperman's opinion. The parties, however, have utilized a significant portion of their briefs simply to emphasize these agreed upon legal principles. For example, Morrison and Gomez argue that res judicata applies because consent judgments are given res judicata effect and there is no reason to distinguish a judgment entered pursuant to a case evaluation. Such an argument is consistent with the bankruptcy court's decision and Carmona's position.

Ultimately, the only disputed issue presented by Morrison and Gomez on appeal is whether collateral estoppel applies – they contend that collateral estoppel applies because it is "clearly, definitely, and unequivocally" ascertainable that the state court judgments were based upon the allegations of sexual harassment as expressed in Morrison and Gomez's complaint. They base this conclusion on the fact that all of the claims in the complaint were submitted to case evaluation. On the other hand, Carmona continues to argue that collateral estoppel does not apply because there are no factual findings contained in the judgments; therefore nothing was "necessarily determined." Carmona contends that a judgment entered pursuant to a case evaluation award is simply a "money judgment" and cannot be used as proof of any injury related to a determination of dischargeability under § 523(a)(6).

While Morrison and Gomez continue to argue that collateral estoppel should apply, they have provided no explanation as to why *American Mutual*, wherein a Michigan court of appeals concluded that collateral estoppel does not apply to consent judgments, is inapplicable to this case.

Moreover, as Carmona emphasizes, the judgments do not reflect that the parties agreed to give collateral estoppel effect to any issues. *See Baumhaft*, 271 B.R. at 526. Thus, collateral estoppel is not applicable to the parties' dispute in this case.

Similarly, the only issue raised by Carmona on appeal is whether res judicata applies. Carmona continues to argue that the parties are precluded from litigating the underlying claim in a bankruptcy proceeding because a dismissal pursuant to the case evaluation procedure is necessarily "with prejudice." Carmona proposes that, as a matter of professional responsibility, an attorney must advise a client that a party against whom judgment is entered may file for bankruptcy, and that to preserve a claim, the client may need to proceed to trial to obtain a finding of fact that may qualify a debt as nondischargeable.

Carmona relies on *Fisher v. Cornell Engineering*, Nos. 270252, 270258, 2007 WL 3033955 (Mich. Ct. App. Oct. 18, 2007) (per curiam) to support its argument. Initially, John Fisher filed a district court complaint against a car engine repair shop ("D&S") for breach of contract; misrepresentation; fraud; violation of the Michigan Consumer Protection Act, Mich. Comp. Laws § 445.901; statutory and common law conversion; and violation of the Michigan Motor Vehicle Service and Repair Act, Mich. Comp. Laws § 257.1301. *Fisher*, Nos. 270252, 270258, 2007 WL 3033955, at *1. In the complaint, Fisher requested "total damages in the amount of the value of the subject vehicle at the time of conversion, plus incidental and consequential damages." *Id.* at *1 n.2.

Eventually, Fisher and D&S accepted a case evaluation for $16,500. *Id.* at *1. At a hearing on a motion for entry of judgment, the parties disputed whether acceptance of the case evaluation required D&S to return possession of the vehicle to Fisher, who retained the title. *Id.* The district court determined that it could not impose an equitable remedy and entered a judgment in favor of

Fisher for $16,500.  *Id.*

Subsequently, John Fisher and his wife Joann Fisher filed a complaint in circuit court for, inter alia, claim and delivery of the car from D&S.  *Id.* at *2.  In a counter-complaint, D&S asked for a declaratory judgment that it is entitled to possession of the car along with free and clear title and any other damages or costs.  *Id.*  The circuit court found that res judicata barred the Fishers' claim for claim and delivery and granted D&S title to the car.  *Id.*

The Fishers appealed, inter alia, the circuit court's decision that res judicata barred their claim, and the court of appeals affirmed.  *Id.* at *2-5.  The court of appeals found that "the issue of possession and title of the car was an issue that could have been raised by the Fishers in the first action."  *Id.* at *4.  The court explained that "whether choosing not to seek the return of the [car] was a strategic decision or a mistake is now of no consequence because the case is fully settled since both parties accepted the case evaluation award."  *Id.*  Thus, the court concluded that res judicata prevented the Fishers from requesting claim and delivery of the car.  *Id.*  In contrast, res judicata did not bar D&S from seeking title because "[i]t was not until after the Fishers chose the manner of compensation for the tort – solely a money judgment rather than the return of the car or the return of the car together with a sum of money – were the parties' rights defined."  *Id.*

Carmona does not explain the particular significance of *Fisher* to this case, beyond the basic proposition that res judicata may be applied as a result of the case evaluation process.  Carmona does not discuss any specific implications for a situation where, as here, the parties seek to determine the dischargeability of a debt in a bankruptcy proceeding under § 523(a)(6).  Indeed, to a certain extent, *Fisher* suggests that res judicata should not apply to the circumstances of this case.  In *Fisher*, D&S's right to the vehicle was not apparent until a money judgment was entered against it.

Similarly, in this case, Morrison and Gomez' entitlement to pursue a claim that a debt is not dischargeable in bankruptcy is not apparent until the judgment creating the debt is entered. Moreover, such a claim cannot be pursued until the debtor has filed for bankruptcy.

Furthermore, Carmona has not disputed the primary basis for Judge Opperman's conclusion that res judicata does not apply. Judge Opperman concluded that res judicata did not apply because it was not true that "the same evidence necessary to sustain the second cause of action would have been sufficient to authorize the first judgment." *Manuel*, 76 B.R. at 107. Carmona has not presented any arguments disputing the relationship between the evidence necessary to establish a "willful and malicious injury by the debtor" pursuant to § 523(a)(6), and the evidence necessary to authorize the state court judgments based on alleged sexual harassment under the Michigan ELCRA.

Accordingly, it is **ORDERED** that the April 23, 2009 order of the bankruptcy court, denying Appellants Morrison and Gomez's motion for summary judgment and denying Cross-Appellant Carmona's motion for summary judgment is **AFFIRMED**.

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: February 8, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 8, 2010.

s/Tracy A. Jacobs
TRACY A. JACOBS